IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | | |
|---|---|---|
| ADAM PRIQUETTE, | ) | CV 12-23-BU-DLC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MANHATTAN SCHOOL DISTRICT, | ) | |
| SCHOOL DISTRICT NO. 3, | ) | |
| GALLATIN COUNTY and JAMES | ) | |
| NOTARO, individually and as | ) | |
| SUPERINTENDENT OF MANHATTAN | ) | |
| SCHOOL DISTRICT, and JOHN DOES | ) | |
| 1 through 5, | ) | |
| | ) | |
| Defendants. | ) | |

Defendants/Counter-Plaintiffs filed an Amended Request for Entry of Default on November 2, 2012. No default was entered before Plaintiff/Counter-Defendant Adam Priquette filed a response to the motion.

As a preliminary matter, it does not appear that counsel for the

Defendants/Counter-Plaintiffs attempted to confer with counsel for Priquette before filing their motion. This is concerning considering that such conferral is required under Local Rule 7.1(c)(1) when a party has already appeared in the action. Though Priquette failed to timely respond to the counterclaims here, he has obviously appeared in the case as he is the Plaintiff, he has engaged in extensive briefing, and the parties prepared a joint discovery plan and participated in the preliminary pretrial conference together.[1] Nonetheless, the Court will consider the motion on its merits.

Where a motion for entry of default is opposed, the Court applies the same standard it would in determining whether an entry of default should be set aside under Federal Rule of Civil Procedure 55(c). "The court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). To determine "good cause," courts must consider three factors: "(1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice" the other party. *Am. Assn. of Naturopathic Phys. v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir. 2000). The factors are disjunctive, and the Court "is free to

---

[1] The Court notes however that Local Rule 1.4(c) does not require a party to conventionally serve another party that has registered to use the Court's electronic case filing system (ECF).

deny the motion" if any of the factors is true. *Id.* However, the Court is not required to deny the motion if one of the factors is true; the decision remains in the Court's discretion. *Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1111–12 (9th Cir. 2011). The Court is guided by the admonishment that default judgments are "appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085 (9th Cir. 2010) (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)).

The factors do not support an entry of default in this case. First, Priquette's conduct was not culpable under the standard set by the Ninth Circuit. He explains that a "mirror" suit is pending before the state District Court in Gallatin County and that his responsive pleading was inadvertently filed in that case instead of this one. This is a "credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process." *TCI Group Life Ins. Plan v. Knowebber*, 244 F.3d 691, 697 (9th Cir. 2001). There is no evidence of bad faith. *Id.*

Second, Defendants/Counter-Plaintiffs will not be prejudiced if their motion for entry of default is denied. Merely being required to litigate a case on its merits does not constitute prejudice and, at most, there will merely be some delay that

falls within the parameters of the Court's Scheduling Order. *Id.* at 701.

Finally, although Priquette has failed to allege "specific facts that would constitute a defense," *id.* at 700, the Court finds that this failure is outweighed by his successful showing on the other factors and his allegation that he has indeed prepared a responsive pleading, but it was simply filed in the wrong case. There is no evidence that proceeding on the merits of the counterclaims will be a waste of the Court's or parties' time.

Accordingly, IT IS ORDERED that Defendants'/Counter-Plaintiffs' Amended Request for Entry of Default (doc. 19) is DENIED.

Dated this 15th day of November 2012.

_____
Dana L. Christensen, District Judge
United States District Court